JEMMA E. DUNN
Nevada Bar No. 16229
MATTHEW T. HALE
Nevada Bar No. 16880
MICHAEL A. BURNETTE
Nevada Bar No. 16210
**GREENBERG GROSS LLP**
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135
Telephone: (702) 777-0888
Facsimile: (702) 777-0801
*JDunn@GGTrialLaw.com*
*MHale@GGTrialLaw.com*
*MBurnette@GGTrialLaw.com*

*Attorneys for Plaintiff*
*Joy Barrett*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOY BARRETT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>FPI MANAGEMENT, INC., a California corporation,<br><br>Defendant. | Case No.: 3:25-cv-00641-ART-CSD<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY SCHEDULING ORDER DEADLINES**<br><br>**(SECOND REQUEST)** |

Plaintiff Joy Barrett ("Plaintiff"), by and through her counsel, Greenberg Gross LLP, and Defendant FPI Management, Inc. ("Defendant"), by and through its counsel of record, O'Hagan Meyer PLLC, hereby stipulate and agree to extend the unexpired discovery cut-off date, dispositive motions deadline, and pretrial order deadline for sixty (60) days. This is the parties' second request

for an extension.

**A. Discovery Completed to Date.**

To date, the parties have exchanged initial disclosures pursuant to FRCP 26(a)(1) on January 9, 2026 and January 27, 2026. Defendant served its first set of written discovery on February 20, 2026. Plaintiff served her first set of written discovery requests on Defendant on February 25, 2026. The parties exchanged responses to their respective first set of written discovery on April 10, 2026. The parties also exchanged supplemental disclosures on April 10, 2026. Plaintiff served her second set of written discovery on Defendant on June 18, 2026. The parties have also taken the deposition of non-party witness Michelle Paredes on May 27, 2026, and the deposition of Plaintiff Joy Barrett on June 18, 2026.

**B. Discovery Which Still Needs to Occur.**

Plaintiff intends to take the deposition of non-party witness Angela Penn and the depositions of other FPI personnel involved in the investigation and termination. Defendant intends to depose Plaintiff's treating providers. The parties also intend to complete their exchange of written discovery, including Defendant's responses to Plaintiff's second set of written discovery served on June 18, 2026.

**C. Proposed Schedule for Completing Remaining Discovery.**

**Discovery Cut-Off Date** – The current discovery cut-off date of Friday, August 7, 2026, shall be extended 60 days to October 6, 2026.

**Dispositive Motions** – The current dispositive motions deadline of Monday, September 7, 2026, shall be extended to November 5, 2026, which is thirty (30) days after the discovery deadline.

**Pretrial Order** – The current pretrial order deadline of Wednesday, October 7, 2026, shall be extended. If no dispositive motions are filed, the Joint Pretrial Order shall be filed thirty (30) days after the date set for the filing of the dispositive motions, which is December 7, 2026 (as the 30th day, December 5, 2026, falls on a Saturday, a non-judicial day). In the event dispositive motions are filed, the date for filing the Joint Pretrial Order shall be suspended until thirty (30) days after the decision on the dispositive motions or by further order of the Court.

**D. Good Cause Supports the Request to Extend the Deadlines as Set Forth Herein.**

When a stipulation requires the modification of the scheduling order, the parties must first satisfy the "good cause" standard established by Rule 16(b). See *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 608 (9th Cir. 1992); see also Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"). The good cause inquiry is focused on the movant's reasons for seeking to modify the scheduling order and primarily considers the movant's diligence. *In re W. States Wholesale Nat. Gas Antitrust Litig*., 715 F.3d 716, 737 (9th Cir. 2013). The key determination is whether the subject deadline "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609. The Court considers whether relief from the scheduling order is sought based on the development of matters that could not have been reasonably anticipated at the time the schedule was established. *Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999).* Courts may also consider other pertinent circumstances, including whether the movant was diligent in seeking modification of the scheduling order once it became apparent that the movant required relief from the deadline at issue. *Sharp v. Covenant Care LLC,* 288 F.R.D. 465, 467 (S.D. Cal. 2012). "The diligence obligation is ongoing" such that parties must "diligently attempt to adhere to [the deadlines in the scheduling order] throughout the subsequent course of the litigation." *Id.*

Good cause supports the requested extension. The parties have diligently pursued discovery since the inception of this case. Initial disclosures were exchanged in January 2026, both parties served their first sets of written discovery in February 2026, and written discovery responses were exchanged on April 10, 2026. The parties have also completed the deposition of non-party witness Michelle Paredes on May 27, 2026, and the deposition of Plaintiff Joy Barrett on June 18, 2026. Notwithstanding this progress, the parties require additional time to complete the remaining deposition of non-party witness Angela Penn before the current cut-off.

Plaintiff noticed Ms. Penn's deposition on April 27, 2026, and it was originally scheduled for June 2, 2026, and it was vacated due to Ms. Penn's requirement to attend jury duty on June 2, 2026. Following Ms. Penn's vacated deposition, Plaintiff's counsel has diligently followed with

Defense counsel up on June 10, 2026, June 18, 2026, and July 7, 2026 to obtain new dates for Ms. Penn's deposition, but no dates have been provided yet.

The requested sixty-day extension is targeted and proportionate to the discovery remaining. No trial date has been set, and the requested extension will not prejudice either party or disrupt the Court's docket. Accordingly, the parties respectfully submit that good cause supports the requested modification of the scheduling order.

The Parties submit that these circumstances satisfy the required good cause in extending the deadlines referenced above.

The Parties hereby stipulate to the aforementioned.

Dated: July 16, 2026

*/s/ Michael A. Burnette*
JEMMA E. DUNN
Nevada Bar No. 16229
MATTHEW T. HALE
Nevada Bar No. 16880
MICHAEL A. BURNETTE
Nevada Bar No. 16210
GREENBERG GROSS LLP
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135

*Attorneys for Plaintiff*

*/s/ Jeff Winchester*
JEFF WINCHESTER
Nevada Bar No. 10279
O'HAGAN MEYER PLLC
300 S. 4th Street, Suite 1250
Las Vegas, Nevada 89101

*Attorney for Defendant*

**ORDER**

IT IS SO ORDERED:

UNITED STATES MAGISTRATE JUDGE

DATED: July 16, 2026